**Francis Tejani KUNDRA, Petitioner–Appellant,**

v.

**Cynthia Figueroa CALHOUN, Dallas County Clerk, Respondent–Appellee.**

No. 06–10831
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 8, 2007.

Francis Tejani Kundra, Houston, TX, pro se.

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM: *

Francis Tejani Kundra, Bureau of Immigration and Customs Enforcement (BICE)

detainee # 20661647, appeals the district court's denial of his FED.R.CIV.P. 60(b) motion following the dismissal of his 28 U.S.C. § 1651 petition for writ of mandamus as frivolous. Kundra argues that the district court had the discretion to reopen his case under FED.R.CIV.P. 59(e) and that the district court erred in not allowing him to file a civil rights against Calhoun for not filing his state habeas applications challenging his guilty plea convictions in two separate cases. The district court did not err in construing Kundra's motion as a Rule 60(b) motion because it was filed more than ten days after the entry of the district court's judgment dismissing his mandamus petition. *See Huff v. Int'l Longshoremen's Ass'n, Local No. 24,* 799 F.2d 1087, 1089–90 (5th Cir.1986). Kundra has not shown that the district court abused its discretion in denying his Rule 60(b) motion as Kundra did not make the requisite showing that he was entitled to relief under Rule 60(b)(1) to (5) and did not show that extraordinary circumstances existed which warranted relief under Rule 60(b)(6). *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir.2002); *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir.1996) (en banc).

Kundra's appeal is without arguable merit and is thus frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Because it is frivolous, it is dismissed. *See* 5th Cir. R. 42.2.

APPEAL DISMISSED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.